1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD KEMONI PETERSON,               Case No.  2:23-cv-01348-WBS-JDP (PC)

12              Plaintiff,

13        v.                               ORDER

14   F. LEEKIE, *et al.*,

15              Defendants.

16

17

18

19

20

21        Plaintiff, proceeding pro se, alleges that various defendants at California State Prison-

22   Sacramento violated his constitutional rights when he slipped on a puddle from a leaking roof that

23   left him injured.[1]  For the reasons stated below, the complaint does not state a cognizable claim.  I

24   _____

25        [1] Plaintiff has filed another action in this district with nearly identical facts.  *See Peterson
     v. Stewart*, 23-cv-00692-DJC-JDP (PC).  Both complaints reference plaintiff's April 2021 fall and
26   sue the same eight prison officials, but the instant complaint additionally alleges that plaintiff fell
     in December 2021.  While "[p]laintiffs generally have no right to maintain two separate actions
27   involving the same subject matter at the same time in the same court and against the same
     defendant," I cannot conclude that this is a duplicative action because this complaint alleges an
28   additional "nucleus of facts" relating to the alleged December incident.  *See Adams v. Cal. Dept.*

                                             1

1   will allow plaintiff an opportunity to amend.  I will also grant plaintiff's application to proceed *in*

2   *forma pauperis*.  ECF No. 2.

3                        **Screening and Pleading Requirements**

4        A federal court must screen a prisoner's complaint that seeks relief against a governmental

5   entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

6   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

7   claim upon which relief may be granted, or seeks monetary relief from a defendant who is

8   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

9        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

10  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

11  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

12  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

13  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

14  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

15  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

16  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

17  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

18  n.2 (9th Cir. 2006) (en banc) (citations omitted).

19       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

20  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

21  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

22  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

23  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

24  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

25  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

26  ───────────────────────────────────────

27  *of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quotation marks omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008); *see United States v. Haytian Republic*, 154 U.S. 118, 124-25 (1894).  With that said, plaintiff is forewarned that this court will not allow him

28  to maintain duplicative actions with respect to the April 2021 incident.

                                            2

1

**Discussion**

2      The complaint alleges that plaintiff slipped twice on a puddle from a leak in the roof—

3  once in April 2021 and once in December 2021—at California State Prison-Sacramento.  ECF

4  No. 1 at 4.  The complaint claims that the puddle at issue was not "clearly visible," and despite

5  being on notice of the puddle, prison staff did not warn of it with wet floor signs.  *Id.* at 4-5.

6  Plaintiff contacted defendant correctional officers Delaney, Johnston, and Amoaka, maintenance

7  supervisors Matthews and Lafell, segreant Moore, and captain Leekie about the leak, but it was

8  never fixed.[2]  *Id.* at 4.  The complaint also alleges that defendant warden Lynch has a duty to

9  ensure plaintiff has a safe environment.  *Id.* at 5.  Plaintiff sustained injuries to his knee and ribs

10  from the December fall.  *Id.* at 4.

11      The Ninth Circuit has held that "slippery prison floors . . . do not state even an arguable

12  claim for cruel and unusual punishment."  *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993)

13  (internal quotation marks and citation omitted).  And district courts in California routinely find

14  that "a single defective condition—such as a slippery floor, a leaking roof, or a broken oven—by

15  itself without additional conditions contributing to a threat to an inmate's safety does not create

16  an objectively sufficient and serious condition to implicate the Eighth Amendment."  *See Brown*

17  *v. Flores*, No. 18-cv-01578 LHK, 2018 WL 9838120, at *2-*3 "(N.D. Cal. Oct. 2018); *Jacobs v.*

18  *CDCR*, No. 1:20-cv-00547-BAM (PC), 2021 WL 1264636, at *11 (E.D. Cal. April 6, 2021)

19  (dismissing a complaint for failing to state a claim where the disabled plaintiff alleged that he

20  slipped and fell in a puddle of polluted rainwater on his cell floor); *Collier v. Garcia*, No. 17-cv-

21  05841 LHK, 2018 WL 659014, at *2 (N.D. Cal. Jan. 31, 2018) (dismissing a complaint for failure

22  to state a claim when the plaintiff slipped and fell even after asking the defendants to fix a leak

23  that resulted in a puddle of water in his cell).

24      "[I]n order state a cognizable claim for relief, there must be a confluence of exacerbating

25  conditions such that the [leak] posed a serious, unavoidable threat to plaintiff's safety."  *Coleman*

26  *v. Frauenheim*, No. 1:17-cv-10276-DAD-BAM (PC), 2018 WL 2463855, at *3 (E.D. Cal. June 1,

27

28        [2] The complaint lists correctional officer Fernandez as a defendant, but it contains no
allegations against him.

3

1  2018), citing *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998).  Exacerbating conditions are

2  conditions that render a plaintiff unable to provide for his own safety, prevent him from avoiding

3  puddles, or render him unable to perceive the slippery conditions.  *See Osolinski v. Kane*, 92 F.3d

4  934, 938 (9th Cir. 1996); *Mancinas v. Brown*, 2018 WL 1109673, at *2 (E.D. Cal. Mar. 1, 2018).

5          Although the complaint alleges that the puddle was not clearly visible, the complaint does

6  not allege that plaintiff was unable to avoid or perceive the puddle.  On the one hand, the

7  complaint alleges that plaintiff knew of the puddle and asked numerous prison officials to fix it.

8  But on the other hand, plaintiff alleges that he could not see the puddle.  Since the complaint

9  demonstrates that plaintiff knew of the puddle, the complaint does not allege exacerbating

10  conditions that would have prohibited him from avoiding the puddle.  Without more than,

11  defendants could not have known about an objectively serious condition creating a substantial

12  risk of serious harm.

13          Plaintiff may file an amended complaint that addresses potential exacerbating conditions

14  relating to the December 2021 fall.  He is advised that the amended complaint will supersede the

15  current one.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).

16  This means that the amended complaint will need to be complete on its face without reference to

17  the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the

18  current complaint no longer serves any function.  Therefore, in an amended complaint, as in an

19  original complaint, plaintiff will need to assert each claim and allege each defendant's

20  involvement in sufficient detail.  The amended complaint should be titled "First Amended

21  Complaint" and refer to the appropriate case number.

22          Accordingly, it is ORDERED that:

23          1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

24          2.  Within thirty days from the service of this order, plaintiff may file an amended

25  complaint.  If he does not, I will recommend this action be dismissed for failure to state a claim.

26          3.  The Clerk of Court is directed to send plaintiff a complaint form.

27          4.  Failure to comply with this order may result in a recommendation of dismissal.

28

4

1

2     IT IS SO ORDERED.

3

4     Dated:     September 25, 2023

      JEREMY D. PETERSON
5     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28