1

2

3

4

5

6

7

8                                   UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RONALD KEMONI PETERSON,                         Case No.  2:23-cv-01348-WBS-JDP (PC)

12                     Plaintiff,                      **ORDER**

13             v.                                      FINDING THAT THE AMENDED
                                                       COMPLAINT FAILS TO STATE A
14    F. LEEKIE, *et al.*,                             COGNIZABLE CLAIM

15                     Defendants.                     **FINDINGS AND RECOMMENDATIONS**

16                                                     THAT THIS ACTION BE DISMISSED FOR
                                                       FAILURE TO STATE A COGNIZABLE
17                                                     CLAIM

18                                                     ECF No. 16

19

20

21          Plaintiff, a state prisoner, brings this action against defendants and alleges that they

22    violated his Eighth Amendment rights when they failed to address a watery floor that caused him

23    to slip and injure himself.  ECF No. 16 at 4-5.  As in my previous screening order, I find that

24    plaintiff has not stated cognizable § 1983 claims.  *See* ECF No. 9.  I now recommend this action

25    be dismissed for failure to state a claim.

26

27

28

1

1

**Screening Order**

2

    **I.       Screening and Pleading Requirements**

3

        A federal court must screen a prisoner's complaint that seeks relief against a governmental

4

entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

5

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

6

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

7

immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

8

        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

9

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

10

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not

11

require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.

12

662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

13

possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not

14

identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

15

1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that

16

give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

17

n.2 (9th Cir. 2006) (en banc) (citations omitted).

18

        The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404

19

U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

20

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21

would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

22

However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

23

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

24

1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25

26

27

28

2

1    **II.      Analysis**

2          As stated above, plaintiff alleges that defendants failed to address a slippery floor that

3    caused him to fall and suffer an injury.  ECF No. 16 at 4.  He claims that he suffered one fall in

4    April 2021, and, even though plaintiff told defendants that the floor represented a danger and

5    received assurances that it would be dealt with, the problem persisted, and he fell again in

6    December 2021.  *Id.* at 4.  In my previous screening order, I informed plaintiff that slip-and-fall-

7    type allegations such as he has raised here do not give rise to a constitutional violation.  *See*

8    *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993).  Plaintiff argues to the contrary, citing the

9    sustained failure to fix the slippery floor, ECF No. 16 at 6-7, but courts have routinely and

10   consistently held that such claims, even where defendants have notice of the problem, sound only

11   in negligence.  *See Collier v. Garcia*, No. 17-CV-05841 LHK (PR), 2018 U.S. Dist. LEXIS

12   16909, *3-5 (N.D. Cal. Jan. 31, 2018) (collecting cases rejecting slip and fall claims, even where

13   plaintiff alleges that defendants had notice of the slippery conditions).

14         Accordingly, I now recommend this action be dismissed.  No further chances to amend

15   are warranted, since plaintiff cannot state a viable claim without changing the fundamental basis

16   of his litigation.

17         It is RECOMMENDED that the amended complaint, ECF No. 16, be DISMISSED

18   without leave to amend for failure to state a cognizable claim.

19         These findings and recommendations are submitted to the United States District Judge

20   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

21   after being served with these findings and recommendations, any party may file written

22   objections with the court and serve a copy on all parties.  Such a document should be captioned

23   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

24   objections shall be served and filed within fourteen days after service of the objections.  The

25   parties are advised that failure to file objections within the specified time may waive the right to

26   appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

27   *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

28

IT IS SO ORDERED.


Dated:    May 7, 2024

                               JEREMY D. PETERSON
                               UNITED STATES MAGISTRATE JUDGE